**Opinion filed August 6, 2026**



# In The

# Eleventh Court of Appeals

_____

## No. 11-25-00005- CV

_____

### JOSEPH R. THOMAS, Appellant

### V.

### KELVIN BEACHUM, Appellee

**On Appeal from the County Court**
**Limestone County, Texas**
**Trial Court Cause No. 5379**

## M E M O R A N D U M   O P I N I O N

This appeal stems from a small-claims action filed by Appellant, Joseph R. Thomas, against Appellee, Kelvin Beachum, concerning alleged negligent automotive work.[1]  Proceeding pro se, Thomas challenges the county court's acceptance of Beachum's de novo appeal from the justice court.  Thomas further challenges the county court's order dismissing his claim against Beachum after Thomas's apparent failure to properly engage in discovery.  Because Thomas

---

[1]This appeal was transferred to this court from the Tenth Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. § 73.001 (West Supp. 2025).

identifies no defect in the perfection of the de novo appeal and fails to challenge all independent grounds supporting the dismissal order, we affirm.

## I. *Factual and Procedural History*

On September 21, 2023, Thomas filed a small claims petition against Beachum in justice court. Thomas alleged that Beachum agreed to replace the radiator in his vehicle for $575, and after Beachum performed the agreed upon work, Thomas's vehicle broke down the next day. Thomas sought damages in the amount of $1,235. Following a bench trial, wherein both parties appeared, the justice court entered a judgment in favor of Thomas. Beachum timely appealed to the county court for a trial de novo. *See* TEX. R. CIV. P. 506.1.

On April 19, 2024, Beachum filed a motion to compel responses to requests for disclosure. Beachum alleged that Thomas had been served with the discovery requests on January 17, 2024, and had failed to reply. A copy of the requests were attached to Beachum's motion. On April 22, 2024, the trial court signed an order sustaining Beachum's motion to compel discovery and ordered Thomas to reply no later than May 3, 2024; the trial court further ordered him to pay "expenses and attorney's fees [incurred by Beachum] in the amount of $250."

Following the trial court's discovery order, no filings appear in the clerk's record until November 19, 2024, when Thomas filed a motion titled "Plaintiff: Motion for Dismissal." In the motion, Thomas argued that Beachum had failed to (1) file briefs pursuant to Rule 38.8 of the Texas Rules of Appellate Procedure and (2) "Diligently to Prosecute [sic] As Well As Lack of Activity" under Rule 41 of the Texas Rules of Civil Procedure. *See* TEX. R. APP. P. 38.8 (Failure of Appellant to File Brief); TEX. R. CIV. P. 41 (Misjoinder and Non-Joinder of Parties).

Three days later, Beachum moved for discovery sanctions, alleging that Thomas had failed to comply with the trial court's April 22 order. Beachum prayed that the trial court strike Thomas's pleadings and dismiss the action.

2

The trial court signed an order of dismissal on November 22, 2024, which stated in relevant part:

> After consideration of the pleadings, evidence, and arguments of counsel, the Court grants [Beachum's] Motion for Sanctions and [Thomas's] Motion to Dismiss, and **ORDERS** that this case be and is dismissed with prejudice.
> All costs herein are taxed against [Thomas].

## II. *Issues on Appeal*

Thomas presents two issues for review. In Thomas's "Opening Brief," he asserts that Beachum's de novo appeal from the justice court to the county court was improper because Beachum failed to comply with the federal rules of appellate and civil procedure. He further asserts that sanctions proceedings in the county court were unfair because he was unable to challenge them. Thomas reasserts the same challenges in his reply brief. Neither filing contains citations to the record or cites to Texas rules or case authority.

The Texas Rules of Appellate Procedure require an appellant to "state concisely all issues or points presented for review" and to provide "a clear and concise argument" for each issue raised, "with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(f), (i). Generally, an appellant's failure to cite legal authority or develop an argument for the contentions made waives the issue on appeal. *See Dipprey v. Double Diamond, Inc.*, 637 S.W.3d 784, 801 (Tex. App.—Eastland 2021, no pet.); *Flores v. Benavides*, No. 11-15-00060-CV, 2017 WL 962664, at *1 (Tex. App.—Eastland Mar. 9, 2017, no pet.) (mem. op.) (Bare assertions of error, without citations to authority, waive error.). Nevertheless, because courts endeavor to decide cases on the merits and construe pro se briefs liberally, we consider the arguments that Thomas attempts to present. *See Bertucci v. Watkins*, 709 S.W.3d 534, 541–42 (Tex. 2025) ("Courts 'should hesitate to resolve cases based on procedural defects and instead endeavor to resolve cases

on the merits.'" (quoting *Lion Copolymer Holdings, LLC v. Lion Polymers, LLC*, 614 S.W.3d 729, 732 (Tex. 2020))); *see also Children of the Kingdom v. Cent. Appraisal Dist. of Taylor Cnty.*, 674 S.W.3d 407, 412 n.1 (Tex. App.—Eastland 2023, pet. denied). For the reasons discussed below, even liberally construing Thomas's briefs, he fails to demonstrate reversible error.

### III. *De Novo Appeal*

Appeals from justice court to county court are governed by Rule 506.1 of the Texas Rules Civil Procedure. TEX. R. CIV. P. 506.1; *see Yang v. Lyons*, No. 03-24-00040-CV, 2025 WL 1270682, at *3 (Tex. App.—Austin May 2, 2025, no pet.) (mem. op.). As relevant to this case, to perfect an appeal from a justice court's judgment, a party must (1) file an appeal bond and (2) pay the costs of appeal to the county clerk within twenty days after receiving notice from the county clerk. TEX. R. CIV. P. 143a, 506.1(a), (h); *Ruffin v. Grassano Properties Inc.*, No. 09-22-00422-CV, 2024 WL 4986065, at *5 (Tex. App.—Beaumont Dec. 5, 2024, no pet.) (mem. op.). An appeal from justice court to county court has the effect of vacating the justice court's judgment and the county court must try the matter de novo. *Petrov v. Will-Brooks Inv, LLC*, No. 11-24-00112-CV, 2026 WL 1593650, at *6 (Tex. App.—Eastland June 4, 2026, no pet. h.) (mem. op.) (citing *Zhao v. Sea Rock Inc.*, 659 S.W.3d 119, 123 n.4 (Tex. App.—El Paso, 2022, pet. denied)); *see* TEX. R. CIV. P. 506.3. In a trial de novo, the county court must hear the case as if there had been no previous trial. TEX. R. CIV. P. 506.3; *Praise Deliverance Church v. Jelinis, LLC*, 536 S.W.3d 849, 854–55 (Tex. App.—Houston [1st Dist.] 2017, pet. denied).

Thomas does not contend that Beachum failed to satisfy Rule 506.1's requirements nor does he challenge the validity of Beachum's appeal bond.[2] Rather,

---

[2]Beachum filed an appeal bond in the amount of $2,470 within twenty-one days from when the judgment was signed. *See id.* R. 506.1(a) (requiring a filing of an appeal bond within twenty-one days after a judgment is signed), (b) (requiring that the defendant file "a bond in an amount equal to twice the amount of the judgment").

Thomas argues that Beachum was required to satisfy various federal requirements before obtaining de novo review. Specifically, Thomas asserts that the county court was unable to consider Beachum's appeal because (1) Beachum did not file an opening brief as required under the federal appellate rules, and (2) Beachum's appeal was frivolous. Thomas cites to the Federal Rules of Civil Procedure for his latter contention. Neither argument has merit.

The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts"—not Texas state district and county courts. *See* FED. R. CIV. P. 1; *DeWolf v. Kohler*, 452 S.W.3d 373, 387 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("[F]ederal rules of civil procedure apply in federal district courts and state rules of civil procedure apply in state district courts."). Likewise, the Federal Rules of Appellate Procedure govern proceedings in the United States courts of appeals. *See* FED. R. APP. P. 1. The county court that presided over this instant case is neither a United States district court nor a federal court of appeals. Accordingly, the federal rules are inapplicable here, and a party's failure to abide by the federal rules is inconsequential.

To the extent Thomas means to assert a violation of the Texas Rules of Appellate Procedure, as he did in his motion to dismiss, the Texas Rules of Appellate Procedure "govern procedure in appellate courts and before appellate judges and post-trial procedure in trial courts in criminal cases." TEX. R. APP. P. 1.1. The Texas Rules of Appellate Procedure do not address a de novo appeal of a matter from the justice court to a county court. *See State v. Jones*, 220 S.W.3d 604, 608 (Tex. App.—Texarkana 2007, no pet.); *Ali v. Parks at Arlington, LLC*, No. 02-22-00485-CV, 2023 WL 3521855, at *4 (Tex. App.—Fort Worth May 18, 2023, no pet.) (mem. op.); *In re Heaven Sent Floor Care*, No. 05-15-01152-CV, 2016 WL 7230387, at *3 n.4 (Tex. App.—Dallas Dec. 14, 2016, pet. denied) (mem. op.).

More importantly, the rules that *do* govern justice court appeals—i.e., the Texas Rules of Civil Procedure—do not require that an appellant file a brief to demonstrate in advance that an appeal has merit before obtaining a de novo trial in a county court. *Cf.* TEX. R. CIV. P. 506.1–.4. As discussed above, once the procedural requirements for the perfection of an appeal from the justice court are satisfied, the justice court's judgment is effectively vacated, and the county court must hear the case de novo. *Praise Deliverance Church*, 536 S.W.3d at 854 (explaining that the county court sitting in review de novo of a justice court appeal is not a true appeals court, and once it acquires jurisdiction, the rules permit it only to try the case de novo or dismiss). Because Thomas identifies no defect in Beachum's perfection of the de novo appeal to the county court and because there is no applicable law asserted by him barring the de novo appeal, we overrule Thomas's first issue.

IV. *Beachum's Motion for Sanctions*

Thomas next argues, without elaboration, that his due process rights were violated because Beachum filed frivolous "sanction motions" under "Rule 38" that he was not "able to challenge." However, Beachum filed only one motion for sanctions. Beachum's initial motion was a motion to compel discovery. *See* TEX. R. CIV. P. 215.1. Regardless, Thomas does not explain how he was precluded from challenging either motion filed by Beachum.[3] *See generally In re Sanders*, 692

---

[3]We observe that a certificate of service appears in the record and is attached to Beachum's motion for sanctions. *See* TEX. R. CIV. P. 21a(a); *see also* TEX. R. CIV. P. 215.1 (stating that a Rule 215 motion may be ruled upon by a trial court after "reasonable notice to other parties and all other persons affected"). The certificate of service indicates service was sent to Thomas's e-mail address—the same e-mail address Thomas provided in his original petition. While a certificate of service is prima facie evidence of service, Rule 21a(e) of the Texas Rules of Civil Procedure provides, "Nothing herein shall preclude any party from offering proof that the document was not received." TEX. R. CIV. P. 21a(e). Because Thomas has presented no evidence that he did not receive Beachum's motion, we must presume that notice was received. *See Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005). Although not a motion for sanctions, Beachum's motion to compel also included a certificate of service. Further, although a trial court may rule on a Rule 215 motion without an oral hearing, we additionally observe that the record contains no request for an oral

6

S.W.3d 868, 876 (Tex. App.—Eastland 2024, orig. proceeding) (Our trial courts have wide discretion to supervise and correct the parties' neglect and abuse of the discovery processes that are set out in our rules of procedure.). Moreover, the record does not indicate that Thomas raised his allegations of frivolity or lack of notice before the county court as the rules require. *See* Tex. R. App. P. 33.1(a); Tex. R. Civ. P. 215.3 (providing, in relevant part, that the trial court may impose sanctions upon finding a discovery request is "unreasonably frivolous, oppressive, or harassing"); *see also, e.g.*, *McCollum v. The Bank of New York Mellon Tr. Co.*, 481 S.W.3d 352, 359 (Tex. App.—El Paso 2015, no pet.) (concluding that, following a trial court's ruling on a motion to strike, an appellant was "obligated to bring his complaint about the lack of notice to the trial court's attention, either by filing a motion for reconsideration or a motion for new trial, in order to preserve the matter for appellate review"); *Schmidt v. BPC Corp.*, No. 05-14-00653-CV, 2015 WL 6538038, at *3 (Tex. App.—Dallas Oct. 29, 2015, pet. denied) (mem. op.) ("The record does not indicate Schmidt raised any objection to the trial court regarding the lack of notice or a hearing before it imposed sanctions. Thus, to the extent Schmidt argues his due process rights were violated, his argument is waived.").

Most fundamentally, Beachum's motion for sanctions is just one of two grounds upon which the county court based its dismissal. The order expressly states that the court granted Beachum's motion for sanctions and Thomas's motion to dismiss. Thomas's briefs on appeal do not identify, explain, or assign error to the dismissal based on his motion. Thomas complains only about his ability to challenge sanction proceedings. Texas courts have consistently held that when an appellant fails to challenge every independent ground that supports a trial court's ruling or

---

hearing on either of Beachum's motions. *See Cire v. Cummings*, 134 S.W.3d 835, 843–44 (Tex. 2004) (concluding that there is no requirement that a court hold an oral hearing before ruling on a Rule 215.1 motion for sanctions).

judgment, the appellate court must affirm. *Spoon Ranch Family Ltd. P'ship v. Atmos Energy Corp.*, 680 S.W.3d 694, 703 (Tex. App.—Eastland 2023, pet. denied); *Creekside Rural Invs., Inc. v. Hicks*, 644 S.W.3d 896, 905 (Tex. App.—Eastland 2022, no pet.) (citing *Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 423–24 (Tex. App.—Dallas 2009, no pet.)). This rule applies even in circumstances where the trial court may have ruled erroneously. *See Haynes v. DOH Oil Co.*, 647 S.W.3d 793, 799 (Tex. App.—Eastland 2022, no pet.) (concluding that we must accept the validity of that unchallenged independent ground in a summary judgment context); *Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 & n.6 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (discussing the premise of the rule that an appellate court normally cannot alter an erroneous judgment in favor of an appellant in a civil case who does not challenge that error on appeal, including when a trial court may have erroneously sustained a jurisdictional plea and declined to exercise jurisdiction).

Because the county court's dismissal order rests on two independent grounds and Thomas challenges only one of them, he has failed to demonstrate reversible error. Accordingly, we cannot reach the merits of Appellant's second issue.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.

W. BRUCE WILLIAMS
JUSTICE

August 6, 2026

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.